UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RHONDA T., | |
| Plaintiff, | Case No. C23-5471 |
| v. | ORDER AFFIRMING THE COMMISSIONER'S DECISION |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff seeks review of the denial of her application for Disability Insurance Benefits (DIB). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## BACKGROUND

Plaintiff was born in 1976, has a GED, and has worked as a receptionist. AR 81-86. Plaintiff was last gainfully employed in June 2014. AR 82.

In May 2015, Plaintiff applied for benefits, alleging disability as of June 1, 2014. AR 15. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. AR 112-3. After the ALJ conducted a hearing on June 8, 2017, the ALJ issued a

decision finding Plaintiff not disabled. AR 12-23. On August 28, 2018, the Appeals Council denied her request for review, making the ALJ's decision the final decision of the Commissioner. AR 1-3. On October 25, 2018, Plaintiff appealed the decision to the U.S. District Court for the Western District of Washington. AR 533-5. On May 20, 2019, the Court entered an order reversing and remanding Plaintiff's claim for further proceedings. AR 541-550. On April 30, 2020, the ALJ held a new hearing regarding Plaintiff's claim, and on July 8, 2020, the ALJ issued a decision finding Plaintiff not disabled. AR 459-474.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[1] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since June 1, 2014.

**Step two**: Plaintiff has the following severe impairments: migraine headaches.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[2]

**Residual Functional Capacity**: Plaintiff can perform a full range of work at all exertional levels but with the following non-exertional limitations. She could only occasionally climb ladders, ropes, or scaffolds. She could have only occasional exposure to hazards, bright lights, loud noise, vibration, and temperature/humidity extremes. She also could have only occasional exposure to pulmonary irritants like fumes and gases.

**Step four**: Plaintiff can perform past relevant work as a receptionist.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 17-23.

---

[1] 20 C.F.R. §§ 404.1520.

[2] 20 C.F.R. Part 404, Subpart P., App. 1.

The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 452-457. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 1.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

**DISCUSSION**

Plaintiff argues the ALJ erred by determining she did not meet or equal a listed impairment, misevaluating her testimony, and not including absence and time off-task limitations in the formation of her RFC. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A. The ALJ Did Not Err in the Step-Three Analysis

Plaintiff first argues that the ALJ erred in determining she did not meet or equal a listed impairment. Dkt. 9 at 6. Plaintiff contends that the severity of her symptoms that result from her migraine headaches "is analogous to one of the listed impairments and supported by the record and medical testimony." Dkt. 9 at 6. The Commissioner argues that the law of the case doctrine precludes Plaintiff's argument and that there is no merit to her argument because she did not support her claim with objective medical findings. Dkt. 12 at 3, 6. The law of the case doctrine applies in the social security context and "generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case" when the evidence on remand is substantially the same. *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016) (citing *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012)).

In its 2019 order, the Court directly addressed Plaintiff's challenge to the ALJ's Step-Three determination, finding that "the ALJ did not harmfully err by failing to find Plaintiff's impairments medically equaled the listed impairment of epilepsy." AR 549. The Court also found that Plaintiff relied "entirely on her own testimony" and that there was "no evidence in the record showing Plaintiff's migraines cause alteration of consciousness or impair her abilities to stand, walk, or use her arms." AR 548-9. The Court, upon remand, instructed the ALJ to "reconsider Plaintiff's testimony, reevaluate the RFC if necessary, and proceed to steps four and

1  five as needed." AR 550.  Notably, the case was not remanded with instructions that the ALJ
2  conduct an updated step-three analysis.
3        Plaintiff does not cite any evidence that was not part of the record when the Court
4  remanded the matter in 2019.  *See* Dkt. 9 at 6-7. (citing AR 19, 46-8, 236-47, 253-9, 290-1, 298,
5  447, 449).  The only new evidence Plaintiff cites is from her own hearing testimony in April
6  2020.  *See* Dkt. 9 at 6. (citing AR 492-3).  To establish an impairment that meets or equals a
7  listing, a Plaintiff must prove medical equivalence based on medical findings.  *See* SSR 86-8,
8  *available at* 1986 WL 68636, at *3-4.  Because this step-three issue was previously decided by
9  the Court and Plaintiff has not raised any new objective medical evidence, the law of the case
10 precludes Plaintiff's argument.

11       **B.**      **The ALJ Did Not Err in Evaluating Plaintiff's Symptom Testimony**

12       Plaintiff next argues that the ALJ erred in misevaluating her testimony.  The ALJ
13 explained he did not find Plaintiff's testimony persuasive because: (1) Plaintiff's allegations
14 regarding the intensity, severity, and limiting effects of her symptoms was inconsistent with the
15 medical evidence of record; (2) Plaintiff received only minimal and conservative treatment for
16 her migraines and the medical evidence did "not show that she required aggressive migraine-
17 related medical treatment or hospitalization during the period at issue;" and (3) Her activities
18 contradicted her more severe allegations.  AR 469-71.  Absent evidence of malingering, an ALJ
19 must provide clear and convincing reasons to discount a Plaintiff's testimony.  *See Burrell v.*
20 *Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).  Plaintiff raises several challenges to the ALJ's
21 assessment of her allegations.  The Court will address each in turn.
22
23

*1.     Medical Records*

First, Plaintiff contends the ALJ erred by overly relying on the lack of support for her allegations in the medical records because these only "provide snapshots of information" and her statements about symptoms to providers were consistent. Dkt. 9 at 8-9. Notably, Plaintiff does not challenge the ALJ's determination that she received minimal conservative treatment, that she was never hospitalized for her migraines, or that she was healthy and not in pain during any of her doctor's appointments. Rather, Plaintiff contends that "it beggars belief that she would attend a doctor's appointment while actively symptomatic." Dkt. 9 at 10. While it is reasonable that a person experiencing severe migraines would be unable to attend an appointment, the record has no evidence that Plaintiff missed appointments due to her migraines or that she contacted providers for help during migraine flare ups. Plaintiff also fails to challenge the ALJ's finding that her neurological findings were typically normal, or that she had negative medical imaging, instead, she contends that "some conditions such as epilepsy need not be visible on medical imaging" to establish disability. Dkt. 9 at 9.

The Commissioner cites the Ninth Circuit decision in *Britton v. Colvin*, 787 F.3d 1011, 1013–14 (9th Cir. 2015), wherein the Court affirmed the ALJ's determination that substantial evidence did not support including migraines because "there was no independent medical evidence establishing that [Plaintiff] suffers from migraines three to four days a month, that [Plaintiff] must rest when she gets them, and that they last for two to four hours, as [Plaintiff] claimed." And that, where medical opinions supported Plaintiff's alleged debilitating migraines, they "relied exclusively on [Plaintiff's] testimony regarding the frequency, duration, and intensity of her migraines," and thus did not constitute substantial evidence. *Id*. Here, like

*Britton*, Plaintiff relies exclusively on her symptomatic testimony to medical providers without citing independent medical evidence.

Plaintiff has not shown harmful legal error in the ALJ's determination that her testimony was inconsistent with her healthy appearance and lack of distress during appointments, her benign imaging results, her conservative treatment, and her decision not to try other medications or treatments during the relevant period.

        2.        *Activities*

Second, Plaintiff argues that the ALJ erred in determining that her ability to care for her children discounted her credibility and that "due to [Plaintiff's] headaches, raising her children has been particularly difficult for her, and she has been unable to do so alone." Dkt. 9 at 10. Plaintiff testified that her husband frequently stays home or leaves work to manage the household during her migraines, and her husband submitted leave statements supporting that claim. AR 469. But the time sheets her husband submitted do not corroborate the intensity or duration of incapacitating symptoms that Plaintiff alleges. And, as the ALJ found, there is no record that Plaintiff reported this level of debilitation during treatment visits. Further, none of Plaintiff's providers indicated a medical need for her to "have another adult present to help [her] function, tend to her personal care, tend to her chidren's care, or tend to basic activities of living." AR 469.

Third, Plaintiff contends that "the ALJ's decision clearly commits an error in assessing [Plaintiff's] capabilities regarding her activities of daily living." Dkt. 9 at 10. But, as Plaintiff contends in her opening brief, she has migraines "once a week, and they last for several days [during which] she has nausea and vomiting and photophobia…[and her migraines] are set off by lack of sleep or flashing lights." Dkt. 9 at 9 (citing AR 290). During her migraines, Plaintiff

asserts she is limited in her "ability to sleep, bend, walk, see, concentrate, understand, comprehend instructions, leave her house, perform self-care, perform activities of daily living, and function in general." AR 466.  Plaintiff contends looking at her phone "kills" her eyes even if she dims the light setting and uses a blue filter, but she uses her phone routinely.  AR 469.  She claims bright lights trigger her migraines, but she had no flare ups during medical appointments.  AR 469.  Additionally, her neurologist advised her to spend "20 minutes a day in the sun," and Plaintiff reported "that she went outside on a daily basis unless she was already experiencing a migraine."  AR 469.  The ALJ thus reasonably considered that if "her migraines were triggered so routinely and so significantly by bright lights, [she] would have avoided going outside on a daily basis and using a computer," and she would have experienced migraine flare ups "as a result of being in the office lighting at medical treatment facilities."  AR 469-470.  Plaintiff did not assign error to this finding and has not shown that the ALJ overlooked any particular evidence related to her light sensitivity.

      The ALJ also found Plaintiff's contention that her migraines made her unable to drive and were unpredictable was inconsistent with her testimony that she drives a car and goes out alone.  Specifically, the ALJ found that driving requires an individual to multitask, exposes them to flashing bright lights, and requires them to make fast decisions; and that Plaintiff's "ability to go out alone and drive a car – when by her own report, the onset of her severe migraines was so unpredictable – suggest that her migraines and related symptoms were not as debilitating or as limiting as they were asserted to have been."  AR 470.  Plaintiff, as with the prior issue, did not assign error to this finding and has not shown that the ALJ overlooked any particular evidence related to her capacity to drive.

ORDER AFFIRMING THE COMMISSIONER'S
DECISION - 8

1    For all of these reasons, the Court finds that substantial evidence supports the ALJ's decision and Plaintiff has failed to establish harmful legal error in the ALJ's assessment of her allegations.

### C. The ALJ Did Not Err in Assessing the RFC

The ALJ asked the vocational expert if Plaintiff would be able to sustain employment if they missed one day of work a month, required an additional 15 or 20 minute break each workday, or were consistently off task 15 percent of the day, to which the vocational expert replied, "none of those scenarios would be compatible with sustained employment." AR 502. Plaintiff contends the ALJ erred by not including the time off task and absence limitations that the ALJ posed in their second hypothetical to the vocational expert. Dkt. 9 at 11.

Residual Functional Capacity is the most a claimant can do despite limitations and is assessed based on all relevant evidence in the record. 20 C.F.R. §§ 404.1545(a)(1). An RFC must include all of the claimant's functional limitations supported by the record. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). The Commissioner is responsible for "translating and incorporating clinical findings into a succinct RFC." *Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) (citing *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008)).

The ALJ found that Plaintiff's migraines could reasonably be expected to cause some of the Plaintiff's alleged symptoms. However, the ALJ found that the Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms was not consistent with or supported by the longitudinal record. AR 470-1. In challenging the RFC, Plaintiff relies only on her testimony that her migraines require her to go home early, appear without warning, and prevent her from focusing on simple tasks or managing her household. Dkt. 9 at 11-13. As

explained *supra*, the ALJ did not err in discounting Plaintiff's testimony. Specifically, the ALJ discounted Plaintiff's opined difficulties related to staying on-task, independently performing activities of daily living, and attending work because: (1) Plaintiff did not mention this "level of debilitation during her treatment visits;" (2) None of the treatment providers indicated she had a medical need for another adult to be present to help her function; (3) Her testimony was inconsistent with her September 2018 report that "she had not missed any work or school, and had not had to cancel any plans, in the past month due to headaches or migraines;" and (4) Her testimony was inconsistent with her March 2019 report that "she was feeling well, had good sleep habits, had healthy personal habits, was able to exercise, was able to perform all normal functions of daily living, had no insomnia, and had no other neurological symptoms." AR 469-70. Plaintiff's conclusory statement that "the record clearly demonstrates additional limitations, other than environmental limitations, are required to adequately capture the scope of [Plaintiff's] condition and resulting limitations" does not adequately assign error to the ALJ's findings.

The ALJ evaluated the evidence, determined the RFC, and included specific aggravating and environmental factors as restrictions. Substantial evidence supports the ALJ's determination, and Plaintiff has not shown the ALJ committed harmful legal error.

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 8th day of November, 2023.

S. KATE VAUGHAN
United States Magistrate Judge